958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel KINSEY, Defendant-Appellant.
 No. 91-10044.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Kinsey appeals from his convictions following a jury trial for possessing cocaine base and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Kinsey contends that the district court erred by denying his motion to suppress evidence seized from his truck. He also contends that the evidence was insufficient to support his conviction for carrying the firearm. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Motion to Suppress Evidence
 A. Validity of Search Warrant
 
 3
 Kinsey contends that the district court erred by denying his motion to suppress the evidence obtained from the search of his truck because no probable cause existed to support the stop and search. He argues that analyzed separately or jointly (1) the search warrant for his person was deficient, and (2) the officers' observations failed to establish probable cause for a search or an arrest. This contention lacks merit.
 
 
 4
 In assessing the validity of a search a warrant, we review " 'whether the magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause.' " United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986)). " 'This inquiry is less probing than de novo review and shows deference to the issuing magistrate's determination.' " Id. (quoting Angulo-Lopez, 791 F.2d at 1396).
 
 
 5
 "Magistrates and judges must examine the 'totality of the circumstances' set forth in the affidavit to determine whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " Ayers, 924 F.2d at 1478 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The totality of circumstances include the corroborating details which support the veracity of an informant. Id.
 
 
 6
 Here, the affidavit stated the following information. A confidential informant ("CI") informed Sacramento Detective Brown that rock cocaine was sold at a business establishment called "Unlimited Fashions." An officer searched the CI for money and contraband prior to a controlled purchase. Detective Brown kept the CI under continual surveillance as he entered Unlimited Fashions carrying state funds to make a drug purchase. The CI was observed entering the business through the front door and exiting in approximately three to five minutes. The CI gave suspected rock cocaine, which he purchased from Kinsey, to Detective Brown, who conducted a field presumptive test of the substance which confirmed it was cocaine. Detective Brown also conducted an independent investigation which revealed that Unlimited Fashions was not a valid Pacific Gas and Electric subscriber and that Kinsey had three prior arrests for narcotic offenses.
 
 
 7
 "Based on the totality of the circumstances set forth in the affidavit, the magistrate had a substantial basis for concluding that the ... [CI's] tip was reliable." See Ayers, 924 F.2d at 1479. Therefore, the district court did not err by determining that Detective Brown's affidavit established a substantial basis for concluding that probable cause existed for the issuance of a search warrant for Kinsey's person. See id. Therefore, the stop of his truck was lawful pursuant to the warrant. See id.
 
 B. Probable Cause to Search the Truck
 
 8
 Kinsey argues that even taken together, the information contained in the affidavit and the observations of the officers fail to establish probable cause to search the truck. This argument is without merit.
 
 
 9
 "We review de novo a trial court's determination of the existence of probable cause, except for the underlying facts, which we review for clear error." United States v. Arias, 923 F.2d 1387, 1389 (9th Cir.1991).
 
 
 10
 " 'Probable cause to search is evaluated in light of the totality of the circumstances and is found to exist if there is a fair probability that contraband or other evidence of a crime will be found in a particular place.' " Id. (quoting Gates, 462 U.S. at 238-39).
 
 
 11
 Here, Detectives Brown and Reyes testified to the following facts at trial. In April 1990, pursuant to the search warrant for Kinsey, Detective Brown and members of the narcotic investigation team conducted surveillance at the home of Kinsey's girlfriend in Sacramento. Kinsey left the house and drove away in his blue and white pickup truck. The surveillance team lost sight of Kinsey, but regained sight of him in a few minutes. Kinsey had been joined in the truck by his accomplice, Willie Thomas. The truck proceeded south on Interstate 5 to Stockton at a speed of seventy to eighty miles an hour. The truck exited the interstate and stopped at a residence known for heavy drug trafficking. Approximately thirty minutes later, a man driving a Cadillac parked on the front lawn. Kinsey approached the Cadillac and conversed with the driver. Next, the man drove the Cadillac away and proceeded to a residence known for drug purchases. The Cadillac returned and Kinsey and Thomas met with the driver.
 
 
 12
 After approximately twenty minutes Kinsey and Thomas left in the truck with Thomas driving. Driving in a cautious manner, Thomas proceeded north to Interstate 5. The truck was travelling between fifty-five and sixty miles an hour while constantly changing lanes in an effort to be between large trucks. The detectives decided to stop the truck as it approached Sacramento. Detective Brown handcuffed and searched Thomas and found approximately 0.3 grams of tar heroin between two socks on Thomas left ankle. Detectives searched Kinsey pursuant to the search warrant, but did not find anything. Detectives searched Kinsey's truck and found a brown paper bag which contained approximately 7.3 grams of powder cocaine and a bag which contained a loaded .357 magnum Ruger handgun.
 
 
 13
 The district court found facts which supported a pattern of suspicious activity consistent with a drug transaction carried out by Kinsey prior to the vehicle stop. See Arias, 923 F.2d at 1389. These facts, when taken as a whole, "suffice to raise probable cause," and the district court did not err by denying the motion to suppress the evidence from the truck. See id.[1]
 
 II. Sufficiency of Evidence
 
 14
 Kinsey contends that the evidence was insufficient to support his conviction for carrying a firearm because the only evidence connecting him with the gun was that it was recovered from his truck. This argument lacks merit.
 
 
 15
 Kinsey waived his right to challenge the sufficiency of evidence because his counsel did not move for a judgment of acquittal at the end of the trial. See United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991). Nonetheless, we review the sufficiency of evidence for plain error. Id.
 
 
 16
 To prove a violation of section 924(c) the government must establish two elements: (1) "the firearm at issue was 'related to,' or played some role in, the underlying crime; and (2) the defendant 'used' or 'carried' the firearm." United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (footnote omitted).
 
 
 17
 Here, the firearm was found near the cocaine in Kinsey's truck, which satisfied the first requirement. Torres-Medina, 935 F.2d at 1049. Although Thomas also had access to the truck, a reasonable jury could have found that Kinsey knew the firearm was in his car and constructively possessed it. See United States v. Merriweather, 777 F.2d 503, 507 (9th Cir.1985) (evidence sufficient to establish constructive possession of firearm found in defendant's car to which others had access). Therefore, we hold that the jury's verdict was not plainly erroneous. See id.; see also Floyd, 945 F.2d at 1098.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find independent probable cause to support the search of the truck, we do not address the legality of the search and seizure of Thomas